

ORIGINAL                                    **REISSUED FOR PUBLICATION**
                                            **SEP 25 2017**
                                            **OSM**
                                            **U.S. COURT OF FEDERAL CLAIMS**

# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 17-02V
Filed: August 31, 2017
Not to be Published.

FILED
AUG 3 1 2017
OSM
U.S. COURT OF
FEDERAL CLAIMS

*****************************************
JAIME SANCHEZ,                       *
                                     *
            Petitioner,              *
                                     *
v.                                   *   Influenza ("flu") vaccine;
                                     *   migraine headaches; petitioner's
SECRETARY OF HEALTH                  *   motion to dismiss granted
AND HUMAN SERVICES,                  *
                                     *
            Respondent.              *
                                     *
*****************************************

Jaime Sanchez, West Covina, CA, for petitioner (pro se).
Traci R. Patton, Washington, DC, for respondent.

**MILLMAN, Special Master**

### DECISION[1]

On January 3, 2017, petitioner filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa-10-34 (2012), alleging that influenza ("flu") vaccine he received on January 6, 2014 caused him migraine headaches and cold-like symptoms (runny nose, stuffy nose, congestion, and aches and pains). Pet. at 1.

On April 4, 2017, the undersigned held the first telephonic status conference in this case during which petitioner said he was going to look for an attorney.

On August 30, 2017, petitioner telephoned the undersigned's law clerk and moved to

---

[1] Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this unpublished decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a decision is filed, petitioner has 14 days to identify and move to redact such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall redact such material from public access.

dismiss this case.

The undersigned **GRANTS** petitioner's motion and **DISMISSES** this case.

### FACTS

On January 6, 2014, petitioner saw Dr. Charlie P. Chan at the El Monte Adult Clinic. Med. recs. Ex. 1, at 2. Petitioner had a history of chronic low back pain and needed a refill of his pain medications. Petitioner also had hypertension, hepatitis C with elevated liver function test results, gout, and hyperglycemia. He was on Tramadol, Benazepril, Atenolol, Allopurinolol, Diclofenac, and Zantac. Id. Petitioner received flu vaccination. Id. at 3.

On February 24, 2014, petitioner returned to the El Monte Adult Clinic, and saw Dr. Chan. Petitioner told Dr. Chan that after he got the flu shot, he got sick and had a headache and congestion. He had to take extra Tramadol and therefore needed a refill of his Tramadol. Med. recs. Ex. 2, at 2. The Tramadol helped to relieve the headache. He claimed his headache pain was 3 out of 10. Petitioner was alert and in no acute distress. Dr. Chan diagnosed petitioner with a tension headache and chronic low back pain. Id.

On March 28, 2014, petitioner was admitted to LAC+USC Medical Center, complaining of intermittent palpitations since the prior night, some dizziness, and chest pain. Med. recs. Ex. 4, at 1. When petitioner put ice on his chest, the chest pain stopped. In the ER, he had palpitations and dizziness. He stopped taking all his medications for two weeks and was instead taking Alka-Seltzer. Id. The diagnosis was an episode of supraventricular tachycardia. Petitioner was also obese and had hypertension. Id. Petitioner denied any symptoms before leaving the ER. Id. at 2.

On December 9, 2015, Dr. Paul-Henri Cesar wrote petitioner had headaches after a flu vaccination two years previously. Med. recs. Ex. 10, at 1. He concluded that petitioner likely developed the flu. He had a bloody nose and sinus congestion. Now he had intermittent low-grade headaches. He had three to four days of headaches a week. Id. Petitioner's blood pressure was 134/80. Id. at 2. Dr. Cesar's diagnosis was tension headaches. He also opined that petitioner might have migraines. Id.

On December 17, 2015, petitioner went to the El Monte Adult Clinic and saw Dr. Kimphuong D. Pham-Tabencki. Med. recs. Ex. 9, at 1. The doctor diagnosed him with abnormal liver function tests, obesity, chronic migraine, gout, hypertension, and hepatitis C. Id.

On April 6, 2016, petitioner saw Dr. Sandhya Ravikumar. Med. recs. Ex. 10, at 3. Petitioner had had an ultrasound which showed he had cirrhosis of the liver. He tried a drug called cyclobenazeprine for two months, but it did not help. Petitioner thought it made his headaches worse and he reported having vivid dreams, insomnia, and waking up with a headache. He had headaches on average half of the month, lasting eight hours a day, which were throbbing. He did not have associated nausea or vomiting or any vision changes. He had a 15-

pound weight gain and intermittent palpitations. Id. Dr. Ravikumar diagnosed petitioner with migraines, which might have a component of rebound headaches from Tramadol. Id. at 4. Dr. Ravikumar told petitioner to start Topamax, continue magnesium, discontinue cyclobenzaprine, and avoid Tramadol. Id.

On June 8, 2016, petitioner saw Dr. Henry Levenson who noted a history hepatitis C, chronic headaches, gout, hypertension, chronic low back pain, and obesity. Id. at 5. He did not have a headache that day. Petitioner stopped taking Topamax. He was thinking of starting medical marijuana. Dr. Levenson diagnosed petitioner with chronic headaches possibly migraine, hepatitis C, cirrhosis, sciatica in the right lower extremity, chronic gout, and chronic anxiety and insomnia. Id.

On August 8, 2016, petitioner saw Dr. Elizabeth Joe, who diagnosed him with chronic daily tension headache with a component of migraine.

On September 26, 2016, petitioner saw Dr. Sarah Sheibani. Med. recs. Ex. 17, at 4. She noted he had abnormal liver function tests, chronic headache, chronic hepatitis C infection, chronic lower back pain, chronic migraine, cirrhosis and chronic liver disease, cirrhosis of the liver due to chronic hepatitis C, chronic kidney disease, abnormal creatine clearance-glomerular filtration, depression, gout, hypertension, obesity, superventricular tachycardia, and palpitations. Id.

## DISCUSSION

To satisfy his burden of proving causation in fact, petitioner must prove by preponderant evidence: "(1) a medical theory causally connecting the vaccination and the injury; (2) a logical sequence of cause and effect showing that the vaccination was the reason for the injury; and (3) a showing of a proximate temporal relationship between vaccination and injury." Althen v. Sec'y of HHS, 418 F.3d 1274, 1278 (Fed. Cir. 2005). In Althen, the Federal Circuit quoted its opinion in Grant v. Secretary of Health and Human Services, 956 F.2d 1144, 1148 (Fed. Cir. 1992):

> A persuasive medical theory is demonstrated by "proof of a logical sequence of cause of and effect showing that the vaccination was the reason for the injury [,]" the logical sequence being supported by a "reputable medical or scientific explanation[,]" i.e., "evidence in the form of scientific studies or expert medical testimony[.]"

418 F.3d at 1278.

Without more, "evidence showing an absence of other causes does not meet petitioner's affirmative duty to show actual or legal causation." Grant, 956 F.2d at 1149. Mere temporal association is not sufficient to prove causation in fact. Id. at 1148.

Petitioner must show not only that but for his flu vaccination, he would not have migraine

3

headaches, but also that flu vaccine was a substantial factor in causing his migraine headaches. Shyface v. Sec'y of HHS, 165 F.3d 1344, 1352 (Fed. Cir. 1999).

Under the Vaccine Act, 42 U.S.C. § 300aa-13(a)(1), the undersigned may not rule in petitioner's favor based solely on his allegations unsupported by medical records or medical opinion. Petitioner's medical records do not support that flu vaccine caused his chronic headaches. Petitioner has not filed an expert medical report stating that flu vaccine caused his chronic headaches.

The undersigned **GRANTS** petitioner's motion to dismiss and **DISMISSES** this petition for petitioner's failure to make a prima facie case of causation in fact.

## CONCLUSION

The petition is **DISMISSED**. In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED.**

Dated: August 31, 2017

*Laura D. Millman*
Laura D. Millman
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.

4